AO 245B(Rev. 11/25) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
District of Nebraska

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: 8:25CR172-001<br>USM Number: 00262-512 |
| SEBIT MAYOT | Jerrold R. Black<br>Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count I and count II of the Indictment.

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☐ was found guilty on count(s) after a plea of not guilty

The defendant is adjudicated guilty of these offenses:

| Title & Section& Nature of Offense | Offense Ended | Count |
|---|---|---|
| 21:841(a)(1) and 841(b)(1) DISTRIBUTION OF 10 GRAMS OR MORE OF FENTANYL ANALOGUE | August 5, 2024 | I |
| 18:922(g)(1) and 924(a)(8) FELON IN POSSESSION OF A FIREARM | June 6, 2024 | II |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) dismissed on the motion of the United States.

☒ Final order of forfeiture forthcoming.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

January 8, 2026
Date of Imposition of Sentence:

*/s/ Brian C. Buescher*

Brian C. Buescher
United States District Judge

January 9, 2026
Date

AO245B(Rev 11/25) Judgment in a Criminal Case                                                      Judgment Page 2 of 8

DEFENDANT: SEBIT MAYOT
CASE NUMBER: 8:25CR172-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **one hundred five (105) months on Count I and one hundred five (105) months on Count II to be served concurrently.**

☒ The Court makes the following recommendations to the Bureau of Prisons:

1. That the defendant be allowed to participate in the Residential Drug Treatment Program or any similar drug treatment program available.
2. That the defendant be incarcerated in a federal facility **as close as possible to Scottsdale, Arizona.**
3. Defendant should be given credit for time served.
4. That the defendant be allowed to participate in vocational and educational training while incarcerated.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant was delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                            _____
                                                     UNITED STATES MARSHAL

                              BY:  _____
                                              DEPUTY UNITED STATES MARSHAL

DEFENDANT: SEBIT MAYOT
CASE NUMBER: 8:25CR172-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) years on Count I and three (3) years on Count II to run concurrently.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated

AO245B(Rev 11/25) Judgment in a Criminal Case                                                      Judgment Page 4 of 8

DEFENDANT: SEBIT MAYOT
CASE NUMBER: 8:25CR172-001

|     | |
| --- | --- |
|     | circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. |
| 8.  | You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer. |
| 9.  | If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours. |
| 10. | You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers). |
| 11. | You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court. |
| 12. | If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk. |
| 13. | You must follow the instructions of the probation officer related to the conditions of supervision. |

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO245B(Rev 11/25) Judgment in a Criminal Case                                                                                       Judgment Page 5 of 8

DEFENDANT: SEBIT MAYOT  
CASE NUMBER: 8:25CR172-001

## SPECIAL CONDITIONS OF SUPERVISION

a. You must not purchase or possess, use, distribute, or administer any alcohol, just the same as any other narcotic or controlled substance.

b. You must submit your person, residence, office, or vehicle to a search conducted by a United States Probation Officer at any time; failure to submit to a search may be grounds for revocation; you must warn any other residents that the premises may be subject to searches pursuant to this condition.

c. You must attend, pay for and successfully complete any diagnostic evaluations, treatment or counseling programs, or approved support groups (e.g., AA/NA) for alcohol and/or controlled substance abuse, as directed by the probation officer.

f. You must attend, successfully complete, and pay for any mental health diagnostic evaluations and treatment or counseling programs as directed by the probation officer.

h. It is recommended that you complete your GED while incarcerated or during your term of supervision, or in the alternative, complete an approved vocational rehabilitation program as directed by the probation officer.

i. If you are unable to secure lawful employment, you may be required to perform up to 20 hours of approved community service per week until employed, not to exceed 400 hours during the term of supervision without further review by the probation officer, in consultation with court. You may also participate in training, counseling, daily job search, or other employment-related activities, as directed by the probation officer.

n. You must provide the probation officer with access to any requested financial information.

p. You must attend, successfully complete, and pay for an approved cognitive-behavioral based program, as directed by the probation officer.

zz. You must report to the Supervision Unit of the U.S. Probation Office for the District of Nebraska between the hours of 8:00 a.m. and 4:30 p.m., 111 South 18th Plaza, Suite C79, Omaha, Nebraska, (402) 661-7555, within seventy-two (72) hours of being placed on probation or release from confinement and, thereafter, as directed by the probation officer.

DEFENDANT: SEBIT MAYOT
CASE NUMBER: 8:25CR172-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $200.00 | | | | |

☐ The determination of restitution is deferred until  . An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
| **Totals** |  |  |  |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

*Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299
**Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: SEBIT MAYOT
CASE NUMBER: 8:25CR172-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $200.00 due immediately, balance due
  ☐ not later than _____ , or
  ☒ in accordance with    ☐ C,  ☐ D,  ☐ E, or  ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:
The criminal monetary penalty is due in full on the date of the judgment. The defendant is obligated to pay said sum immediately if he or she has the capacity to do so. The United States may institute civil collection proceedings at any time to satisfy all or any portion of the criminal monetary penalty.

Without limiting the foregoing, and following release from prison, the defendant shall make payments to satisfy the criminal monetary penalty in the following manner: (a) monthly installments of $100 or 5% of the defendant's gross income, whichever is greater; (b) the first payment shall commence 30 days following the defendant's discharge from incarceration, and continue until the criminal monetary penalty is paid in full; and (c) the defendant shall be responsible for providing proof of payment to the probation officer as directed.

All financial penalty payments are to be made to the Clerk of the U. S. District Court, 111 S. 18th Plaza, Suite 1152, Omaha, NE 68102-1322 or to the clerk's office in the sentencing district if supervision or jurisdiction is transferred.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names *(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s): _____ .

☒ The defendant shall forfeit the defendant's interest in the following property to the United States: **.380 Ruger LCP II semi- automatic handgun and loaded magazine** per Preliminary Order of Forfeiture (Filing No. 33).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO245B(Rev 11/25) Judgment in a Criminal Case                                                        Judgment Page 8 of 8

DEFENDANT: SEBIT MAYOT
CASE NUMBER: 8:25CR172-001

---

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk